## HENRY BECK v. THE STATE.

### No. 1247. Decided November 15, 1911.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error.

**2.—Same—Charge of Court—Additional Instructions.**

Where, upon trial of a violation of the local option law, the jury asked for additional instructions which the court gave in accordance with the facts, refusing a special instruction which was not applicable to the facts, there was no error.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of violation of local option law; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted of violating the prohibition law, which law had been put into effect in Nacogdoches County by an election properly held and declared in March, 1906, fined $100 and given thirty days in jail. The sale was charged in the indictment to have been made to Tom Lowrance on or about March 1, 1910.

Tom Lowrance testified that he knew the appellant and had known him for a long time; that he runs a negro restaurant in Garrison; that some time in March, 1910, near appellant's restaurant he had a conversation with him about getting some whisky, and asked him if he could rustle him some whisky. Appellant replied that he could. Lowrance then gave him $1.50 to pay for the same and appellant told Lowrance to go into the skating rink and wait. They then separated, appellant going to his restaurant and witness going to the skating rink. After waiting something like twenty minutes someone placed through the window of the skating rink a quart of whisky. He did not see who the party was who placed the whisky through the window, but saw his hand, and it was black. Appellant was a negro. After getting the whisky the witness went out in town and did not see the defendant any more that day.

On cross-examination this witness testified that the appellant's res-
taurant and skating rink were beside one another; they did not join,
there being a small space between them. He did not know who put
the whisky in the window, he just saw the hand of the man who
put it in through the window, and it was a black hand. He did not
remember the exact distance in feet between the restaurant and the
skating rink, but there was just a narrow space between them.

The appellant testified that he knew Tom Lowrance; he denied
that he saw him at the time and place Lowrance testified he did.
He denied receiving any money from him or delivering to him any
intoxicating liquors at any time. He denied specially that he re-
ceived any money from Lowrance on or about March 1, 1910, or at
any time and denied that he told him he thought he could rustle
some whisky for him. In fact, he denied everything about the
occurrence that Lowrance had testified to.

On cross-examination he again denied everything Lowrance had
testified to about Lowrance having paid him any money or having
any conversation with him; that he carried him any whisky and
delivered it to him in the skating rink or anywhere else on that day
or at any other time. He testified that he run a colored barber shop,
restaurant and lodging room in the restaurant building, which is
along side of the skating rink. That there were several windows in
the skating rink next to his restaurant building and that there was
a small passageway between the skating rink and his restaurant.
Also that he never had any whisky that day at his restaurant, but
had some at his residence. It was admitted that prohibition was in
force in Nacogdoches County at and prior to the time the alleged
sale was charged.

The court gave a correct charge, submitting the case to the jury.
There is no complaint of the main charge of the court at all by
appellant. The evidence is amply sufficient to sustain the conviction.

Appellant has a bill of exceptions which shows that after the jury
had retired to consider their verdict and the main charge of the court
had been given them, they came into the court in a body and pro-
pounded in writing to the court this question: "Would a man have
to sell and deliver intoxicating liquors in person to be violation of
law? Bob Axley, Foreman." That in response to this question the
court, over appellant's objection, gave the jury this charge: "In
answer to your inquiry propounded in writing, signed by your fore-
man, you are instructed that a delivery of intoxicating liquors may
be by the person charged with the sale, or it may be by him acting
through someone else, and if the defendant in person sold the intox-
icating liquor, as alleged, to Tom Lowrance, and delivered said in-
toxicating liquor himself, in person, or through some other person,
acting with the defendant, or under his instructions, such delivery,
if any you find, under the instructions heretofore given, would con-
stitute a delivery, and such sale and delivery, as above explained, if

any you find from the evidence, beyond a reasonable doubt, was made by the defendant, or his agent, would authorize you to find defendant guilty, provided you find the other essential elements of the sale to be true as alleged." To which the appellant excepted because it was argumentative, upon the weight of the evidence, that there was no testimony suggesting or raising the question of agency, it authorized the conviction of the defendant, even though the jury found that the defendant had nothing to do with the alleged sale and the sale was made by the agent without the participation of the defendant and it was in conflict and contradictory of a special charge No. 1, given by the court at his request, which was as follows:

"In this case you are instructed that before you could convict the defendant in this case you must find, beyond a reasonable doubt, that the defendant sold and delivered intoxicating liquor to the prosecuting witness, Tom Lowrance, and unless you so find that the defendant sold and delivered intoxicating liquor to the prosecuting witness on or about the date charged in the indictment, you will find defendant not guilty." And because this charge objected to authorized the jury to convict appellant, even though the jury should find that the agent of the defendant sold and delivered the intoxicating liquors to the prosecuting witness and that the request of the jury called for instructions upon an abstract proposition of law and was not a charge applicable to the facts of the case, but was upon an abstract principle of law.

Appellant in his motion for new trial makes the same objections to this special charge of the court given in answer to the question by the jury.

Evidently the jury was undecided about whether it was the appellant in person who handed the whisky up to the complaining witness through the window of the skating rink, or someone the appellant had sent for the purpose of making the delivery and they did not know whether they were authorized to find a verdict against the appellant if he had not in person done this, but had it done by someone else. Under the circumstances, it is our opinion that it was the duty of the court to charge the jury in answer to their question (Code Criminal Procedure, articles 733 and 734), and that the charge given on the point was peculiarly and specially applicable thereto and correctly and properly instructed the jury thereon, and that it is in no way subject to the criticism by the appellant to authorize or require this court to reverse the case.

There are no other questions raised to be decided. The judgment will, therefore, be affirmed.

*Affirmed.*